A clause in a will whereby the income of a legacy to a minor is not directed to be paid to him at majority, but to be held in trust for him on a certain contingency for life, and thereafter distributed to other persons, is invalid as an illegal accumulation, and the income passes to the parties entitled to the next interest in the fund which produced it.

**2. SAME.**

A clause in a will whereby the income of a trust is directed to be paid on mortgages on testator's realty is invalid, as an illegal accumulation.

In the mater of the estate of Joseph H. Snyder, deceased. Proceedings on judicial settlement of the accounts of executors. Decree rendered.

Deyo, Duer & Bauerdorf (Robert E. Deyo, of counsel), for executors.

Jordan J. Rollins, special guardian of infant remainder-men.

FITZGERALD, S.  The testator by the second and seventh clauses of his will directed other payments to be made out of the income of his estate, besides the one-half thereof given to the widow and the legacy in question. The provisions of the will with respect to this legacy, when considered in connection with the direction for the payments referred to, and the extent of the income yielded by the estate, show, it seems to me, that the testator intended that the principal of the legacy should be made up and provided from accumulated income. As this income was not absolutely directed to be paid to the primary legatee, who was a minor, upon his attaining majority, but was required, in a certain contingency, to be held in trust for his benefit for life, and to be distributed among other persons after his death, the legacy is void, as it involves an accumulation of income for a purpose prohibited by the statute. Laws 1896, c. 547, art. 2, § 51; Id. art. 3, § 76; Laws 1897, c. 417, art: 1, § 4. For the same reason, the provision for the application of income to the payment of the mortgages upon the real estate left by the testator is void. Hascall v. King, 162 N. Y. 134, 56 N. E. 515. The income so illegally required to be accumulated, not being otherwise disposed of, goes, pursuant to the statute, to the parties presumptively entitled to the next eventual interest or estate in the fund which produced it. Cochrane v. Schell, 140 N. Y. 516, 35 N. E. 971. These persons are those among whom the principal of the estate left by the decedent is directed to be divided upon the death of his widow.

Decreed accordingly.